CHARLES E. MOORE & others *vs.* EDWIN REYNOLDS & others.

To a bill in equity, under the St. of 1862, *c.* 218, § 4, to enforce the liability of officers of a manufacturing corporation for its debts, an objection by one of the defendants that the bill was not brought in behalf of all the creditors of the corporation is fatal.

BILL IN EQUITY, filed May 26, 1870, against Edwin Reynolds, Richard Holmes and three others, to enforce their liability as officers of the Reynolds Engine and Governor Company, a manufacturing corporation organized under the Gen. Sts. *c.* 61, for a judgment debt due to the plaintiffs from the corporation, incurred after its neglect to do the acts required by § 8. The bill did not purport to be brought in behalf of any creditors except the plaintiffs. The answers set up various defences. Holmes in his answer set up that the bill should have been brought in behalf of all creditors.

At the hearing, before *Wells*, J., it appeared that there were one or more creditors situated in all respects like the plaintiffs, and having a like claim and judgment. An opportunity was given to the plaintiffs to amend, but they elected not to amend, and the judge reserved the case for the consideration of the full court upon the question whether the plaintiffs could maintain the bill in their own behalf, without joining other creditors of the corporation who might desire to come in, and upon other questions not now material.

*N. B. Bryant*, for the plaintiffs.

*A. A. Ranney*, for Holmes.

*C. W. Turner*, for other defendants.

COLT, J. This case is reserved upon several points. One of them, in the opinion of the court, is decisive. The remedy of the plaintiffs is wholly under the St. of 1862, *c.* 218, which requires, in § 4, that the remedy of a creditor against officers liable for the debts of the corporation shall be by bill in equity filed in behalf of himself and all other creditors of the corporation, for the recovery of the sums due to him and such other creditors. The declared purpose of that statute was to define and regulate the enforcement of the liabilities of officers and stockholders of man-

·ufacturing corporations, and it does that by providing a conven-
ient mode by a single suit in which the rights and claims of all
creditors may be once for all secured and adjusted.

The liability of officers for the debts of the corporation in sev-
eral, if not a majority, of its forms is a limited liability, as where
it is limited to the amount of a dividend made when the corpora-
tion is insolvent ; or to the amount of a loan to a stockholder ; or
to the excess of the debts over the capital stock. In all such
cases, where there are various ·parties having several and unequal
claims, the remedy, independently of the statute, is in equity,
where alone the fund which this limited liability represents can
be administered so that all claimants may share alike in it. *Mer-
chants' Bank of Newburyport* v. *Stevenson*, 10 Gray, 232, and 5
Allen, 398. The St. of 1862 therefore wisely and imperatively
requires that the bill in all cases be brought in behalf of all the
creditors of the corporation. This objection was taken in the an-
swer of one of the defendants, and was relied on at the hearing,
where it appeared that there were other creditors similarly situ-
ated in all respects, and having like claims against the corporation.
It was seasonably taken, does not appear to have been waived,
and must prevail.                    *Bill dismissed, with costs.**

* The St. of 1862, *c.* 218, is repealed by the St. of 1870, *c.* 224, § 69, which
went into effect thirty days after May 9, 1870, the day of its passage.