CHESTER POPE & another vs. FREDERICK S. LEONARD & others.

Suffolk. November 25, 1872. — January 6, 1873. AMES, J., absent.

CHESTER POPE & another vs. SALAMANCA OIL & REFINING COMPANY & others.

Suffolk. March 26. — June 20, 1874. AMES & DEVENS, JJ., absent

To a bill in equity under the St. of 1862, c. 218, § 4, to enforce the liability of the officers or stockholders of a corporation for its debts, the corporation must be made a party defendant.

A bill in equity under the St. of 1862, c. 218, § 4, to enforce the liability of the officers or stockholders of a corporation must be in behalf of the plaintiff and all the other creditors of the corporation, and the non-joinder of the other creditors is not excused by an allegation in the bill that there are no other creditors known to the plaintiff.

A claim against the officers of a corporation under the St. of 1862, c. 218, on the ground that they did not file the certificate required by the St. of 1862, c. 210, and also upon the ground that they signed the certificate required by the Gen. Sts. c. 61, § 8, knowing it to be false, cannot be joined in one bill in equity with a claim against the stockholders, upon the ground that the capital stock was never fully paid in.

In a bill in equity under the St. of 1862, c. 218, § 4, to enforce the liability of the officers of a corporation, an allegation that the corporation was organized as a manufacturing corporation under the Gen. Sts. c. 61, and that at a certain meeting the said corporation was established in Boston, is a sufficient allegation that the corporation was organized and established in Boston, without showing in detail that all the preliminary steps were taken.

A bill in equity under the St. of 1862, c. 218, § 4, to enforce the liability of the officers of a corporation, is not multifarious because it contains three distinct grounds of liability, if all the defendants are under the same liability and have a common interest.

An allegation in a bill in equity under the St. of 1862, c. 218, § 4, to enforce the liability of the officers of a corporation, that the debts of the corporation exceeded its capital in a certain amount, follows the words of the statute, and is sufficient.

A bill in equity brought under the St. of 1862, c. 218, § 4, to enforce the liability of the officers of a corporation, alleged a judgment recovered against the corporation July 14, 1868, and that the execution was returned unsatisfied September 12, 1868 The bill was filed June 6, 1873. Held, on demurrer, that the bill did not disclose such unreasonable delay or laches as to deprive the plaintiff of his right to the relief given by the statute.

A bill in equity was signed " A. B. by his solicitor C. D.," and contained no allegation that C. D. was authorized to sign it. Held, a sufficient signing.

An allegation in a bill in equity under the St. of 1862, c. 218, § 4, to enforce the liability of the officers of a corporation, that the certificates required by the Gen. Sts. c. 61, § 10, had not been filed after the annual meetings held in 1865, 1866, and 1867, sufficiently alleges that annual meetings were held in 1865, 1866, and 1867.

The right to maintain a bill in equity to enforce the liability of the officers of a corporation, under the St. of 1862, *c.* 218, which had vested before the passage of the St. of 1870, *c.* 224, is not taken away by the latter act, although the bill is not filed until after its passage.

To a bill which contains three distinct causes of action a demurrer for want of equity cannot be sustained by matter which is a defence to only one of the causes of action.

THE FIRST CASE was a bill in equity filed June 3, 1870, by two judgment creditors of a corporation, against the officers and stockholders thereof, but not joining the corporation as a party defendant. The bill did not purport to be in behalf of the plaintiffs and all the other creditors of the corporation, but alleged " that the plaintiffs are the only creditors of said company known to the plaintiffs."

The grounds upon which the defendants were sought to be made liable are stated in the opinion of the court. Certain of the defendants demurred and the case was reserved on bill and demurrer by *Chapman,* C. J., for the consideration of the full court.

*P. H. Sears,* for the defendants.

*L. M. Child & H. B. Crandall,* for the plaintiffs.

MORTON, J. This is a bill in equity against the officers and the stockholders of the Salamanca Oil and Refining Company, alleged to be a manufacturing corporation established under the Gen. Sts. *c.* 61.

The plaintiffs seek to hold such of the defendants as are officers personally liable, upon the ground that they did not file in the clerk's office of the city of Boston the certificates required by the St. of 1862, *c.* 210, and also upon the ground that they signed the certificate required by the Gen. Sts. *c.* 61, § 8, knowing it to be false. They seek to hold the stockholders personally liable, upon the ground that the capital was never fully paid in.

We are of opinion that the demurrer must be sustained for several reasons :

1. The corporation should be made a party defendant to the suit. St. 1862, *c.* 218, § 4.

2. The plaintiffs' bill should be in behalf of themselves and all other creditors of the corporation.

The statute above cited gives the plaintiffs their only remedy, which is to bring a bill in equity in behalf of themselves and all other creditors of the corporation against it and the stockholders,

or officers who are liable, for the recovery of the sums due to themselves and such other creditors. *Moore* v. *Reynolds*, 109 Mass. 473. The allegation that there are no other creditors known to the plaintiffs is not sufficient to excuse them from bringing their suit as required by the statute.

3. The bill is multifarious. It embraces in one suit distinct and independent matters, against several parties, who have no common interest in the distinct matter. There are two classes of defendants, the officers and the stockholders. The grounds of liability alleged against them respectively are entirely distinct, and depend upon facts wholly independent of each other. The case of *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Company*, 14 Gray, 193, is decisive of the point that these two claims cannot be joined in one suit. Until a bill with proper parties is presented we do not deem it necessary, if proper, to consider the other causes of demurrer.          *Demurrer sustained.*

THE SECOND CASE was a bill in equity filed June 6, 1873, by the same plaintiffs in behalf of themselves and all other creditors of the defendant corporation against said corporation and the officers thereof.

The bill alleged that the plaintiffs had on June 25, 1868, recovered judgment for a sum stated in an action at law against said corporation in a suit begun February 21, 1868 ; that July 14, 1868, execution issued on said judgment ; that a demand was made thereon July 22, 1868, upon said corporation and the officers thereof ; that for the space of thirty days next after said demand the corporation neglected to pay the amount due on the execution, and also neglected to exhibit to the officer real or personal estate of said corporation subject to be taken on said execution sufficient to satisfy said execution or any part thereof ; that the execution was returned unsatisfied September 12, 1868, and that the amount of the judgment was still due.

The bill then alleged " that the said Salamanca Oil and Refining Company was organized on or about April 1, 1865, as a manufacturing corporation under the provisions of the Gen. Sts. *c.* 61, at Boston, and at a meeting held April 12, 1865, the defendants were elected and became officers of said corporation ; ' and that " the defendants did accept the offices to which they

were respectively elected, and did continue to hold the same to and including February 21, 1868 ; and the plaintiffs are informed and believe that the said defendants were all the officers of said corporation during the time above alleged ; and that at said meeting the said corporation was established in said Boston, and for the purpose of purchasing, holding, disposing of and working petroleum oil lands, and manufacturing oil."

The bill further alleged that the last instalment of the capital stock of the corporation was paid in on or before April 14, 1865, and that the president and directors, with the treasurer and clerk did not make or cause to be recorded in the registry of deeds for the county of Suffolk, at any time from April 14, 1865, to and including July 31, 1868, a certificate signed and sworn to by the president, treasurer, clerk and a majority of the directors of said corporation, stating the amount of capital so fixed and paid in ; that on February 21, 1868, the debts of the corporation exceeded its capital in the sum of $5366.66 ; that the defendants did not within thirty days after the date of the annual meeting held April 12, 1865, or of the annual meeting held in June, 1866, or of the annual meeting held in June, 1867, deposit with the clerk of the city of Boston, in which said corporation was established, any certificate signed and sworn to by the president and a majority of the directors of said corporation, stating the date of said annual meeting next preceding, the amount of capital stock paid in, the name of and number of shares held by each stockholder, the amount vested in real estate and in personal estate, the amounts of property owed by and debts due to the corporation, and the amount, as nearly as could be ascertained, of existing demands against the corporation, all as ascertained and exhibited at the date of said annual meetings as required by law ; nor have any such certificates been deposited with said clerk at any time since either of said meetings ; that the debt of the corporation for which the plaintiffs recovered said judgment was contracted July 31, 1866.

The bill was signed " Chester Pope, Albertus Richards, by their solicitors A. J. Waterman, H. Burr Crandall."

Certain of the defendants demurred on the grounds stated in the opinion of the court. The case was reserved on the bill and demurrers by *Morton,* J., for the consideration of the full court.

*P. H. Sears*, for the defendants.

*L. M. Child & H. B. Crandall*, for the plaintiffs.

·MORTON, J. 1. The first ground of demurrer, that the bill does not allege that the corporation was legally organized, cannot be sustained. It sufficiently alleges that the corporation was organized and established in Boston as a manufacturing corporation under the provisions of the Gen. Sts. *c.* 61. It is not necessary to allege in detail that all the preliminary steps were taken, but that is matter of evidence.

2. The second ground of demurrer is that the bill is multifarious. The bill seeks to hold the defendants, who are officers of the corporation, liable to the plaintiffs for the amount of a judgment recovered against the corporation. It alleges that they are liable upon three grounds : first, because they did not after the payment of the last instalment of the capital stock, make and record the certificate required by the Gen. Sts. *c.* 60, § 18 ; second, because they did not within thirty days after the date of the annual meetings make and file the certificate setting forth the condition of the corporation, required by the St. of 1862, *c.* 210, and third, because the debts of the corporation exceeded its capital stock at the time of the commencement of the plaintiff's suit against the corporation.

For each of these causes the defendants are made by statute jointly and severally liable to the plaintiff. St. 1862, *c.* 210, § 1. St. 1862, *c.* 218, § 1. St. 1863, *c.* 246. All the defendants are under the same liability and have a common interest. The case is not like *Cambridge Water Works* v. *Somerville Dyeing and Bleaching Company*, 14 Gray, 193, where the liability of some of the defendants were as directors and of others as stockholders, and the bill was held to be multifarious. The same point was held in the former suit brought by these plaintiffs. *Pope* v. *Leonard, ante*, p. 286.

In these cases there was not a joint liability nor a common interest of the defendants. In the case at bar the plaintiffs seek to enforce a single debt against the defendants, who have a common interest and are under the same liability to pay it in whole or in part. There is no reason why three separate suits should be brought, where the whole matter can be determined in one suit without confusion and without prejudice to the defendants

If the bill be sustained upon either ground, the same parties will be liable to the same amount, for the same cause of action, to the plaintiffs, or to any creditors who may intervene.   We are therefore of opinion that the bill is not multifarious.   *Robinson* v. *Guild,* 12 Met. 323.

3. There are sufficient allegations that the annual meetings were held in 1865 and 1866 and 1867 ; and the averment that the debts of the corporation exceeded its capital follows the words of the statute and is sufficient.

4. The bill does not disclose such unreasonable delay or laches as deprives the plaintiffs of their right to the relief which the statute gives them.

5. The plaintiffs' right to maintain this bill is not affected by the St. of 1870, *c.* 224, as that statute saves all rights acquired and liabilities incurred under laws existing at the time of its passage.

6. The objection that the bill is not properly signed cannot be sustained.   *Burns* v. *Lynde*, 6 Allen, 305.

7. The only other ground urged in support of the demurrer is, that the bill does not allege that the works of the corporation are established in Boston.   If this be so, the objection will not sustain a · demurrer to the whole bill for want of equity.   If it be true, as contended for by the defendants, that in order to hold them liable under the Gen. Sts. *c.* 60, § 18, it is necessary to aver and prove a failure to record the required certificate in the county where the manufactory of the corporation is established, the neglect to make this averment affects only one of the grounds upon which the plaintiffs' bill proceeds.   The other parts of the bill state a case which entitles them to relief upon ·the other **two** **grounds relied on.**                    *Demurrer overruled.*