# DAVID DOWS

v.

JOHN NAPER.

1. CORPORATION—*estoppel of stockholder from denying his liability under unconstitutional charter.* Although a provision in a charter of a corporation giving banking privileges may be unconstitutional, still, if a stockholder has acted under it, and thereby induced or contributed to the loss of a creditor of the corporation, such stockholder will be estopped from denying his individual liability under the charter.

2. SAME—*amendment of charter as affecting liability of stockholder.* Where a stockholder in a corporation with banking powers is conversant with its affairs, and makes no objection to an amendment to the charter, and changes in the business consequent thereon, and participates in the benefits derived therefrom, he can not avoid personal liability to creditors on account of such amendment, but will be held to have acquiesced in the same.

3. SAME—*evidence of amount and character of deposit.* Where the charter of a corporation with banking powers provided that its officers, when required by any person making a deposit in the savings department of the company, shall issue certificates of deposit for the same, and made the stockholders personally responsible to depositors in such department, it is not essential to the liability of the stockholders that a certificate of deposit be given, but the amount and character of a deposit may be shown by any other competent evidence. It may be shown by the pass book given the depositor.

4. EVIDENCE—*parol, to show one a stockholder.* In a suit by a creditor of a corporation seeking to enforce the personal liability of a stockholder, the plaintiff is not required to prove the ownership of stock by record evidence, but such fact may be shown by the defendant's admission and the testimony of the officers of the corporation.

5. SAME—*to show acceptance of amendment to charter.* The record or journal of the acts and proceedings of a corporation is admissible in evidence against a stockholder in a suit to enforce his personal liability to a creditor of the corporation. It is competent evidence to show an acceptance of an amendment of the charter, without first showing that the persons accepting the same were directors, when they are named as such in the journal.

6. SAME—*books of corporation, against stockholder.* In an action by a depositor in a bank against a stockholder, the ledger of the bank, though not a book of original entries, is competent testimony against the stockholder as an admission of the company, on its own books, of the amount due the depositor.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. P. WEBER, and Mr. GEORGE C. INGHAM, for the appellant.

Mr. S. P. McCONNELL, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In this case John Naper, the appellee, sued David Dows, the appellant, in the Superior Court of Cook county, and recovered judgment for $1437.55. He claimed that amount to be due him as a depositor in the savings department of the Marine company of Chicago. The suit was prosecuted on the theory appellant was a stockholder in said Marine company to the amount of $5000, and, as such, was liable to appellee for the funds deposited, by virtue of section 10 of the act of February 21, 1861, amending the charter of said corporation.

It is urged by appellant, that said amendatory act, inasmuch as it conferred banking powers and was never voted upon by the people of the State, as well as for other reasons suggested, was not a valid enactment, but was unconstitutional, null and void. We do not deem it necessary to pass upon this question, for, even should we assume the act to be unconstitutional, the case would fall within the rule announced by us in *McCarthy* v. *Lavasche*, 89 Ill. 271. It was there held, that even though the provisions of a charter may be unconstitutional, yet if the stockholder has acted under it, and thereby induced or contributed to the loss of a creditor of the corporation, then the stockholder is estopped from denying his liability under its provisions.

In this case it was shown, by the admissions of appellant, that he was a stockholder in said Marine company, to the amount of $5000. Moreover, Mr. Scammon, the president of the corporation, testified Dows was a stockholder to the extent of one hundred shares, of $50 each, in 1860, and had been ever since, and that he was sure the company paid him re-

peated dividends. It was not objected on the trial that there was record evidence of the fact appellant was a stockholder, which would be the best evidence of such fact, nor do we know of any rule of law which would compel a creditor of a corporation seeking to fasten a personal liability on a stockholder, to prove the ownership of stock by record evidence. We think the admissions of appellant himself, and the statements of Mr. Scammon, in the absence of testimony to show the contrary, were amply sufficient to sustain the finding of the court in that behalf. Appellant never made objection to the amend ment to the charter, and changes in the business of the corporation consequent thereon, and he participated in the benefits derived therefrom. The evidence shows appellant was frequently in the old Marine Bank building, before the fire, and had been well acquainted with the president of the company for a great many years, and talked with him often on the subject of the institution. It must be presumed, from the facts shown, that appellant knew, and, also,. (at least so far as the interests of an innocent third party, influenced, in part, by his conduct, are involved,) that he acquiesced in the amendment to the charter.

As appellant was a stockholder and member of the company, it was not error to admit in evidence the journal and record of the corporation to prove acceptance of the amendatory act, without first requiring other evidence that the persons accepting the same were directors. The journal itself names them as directors, and shows their action. Being a record of the company, it must be held binding upon the stockholder. *Culver* v. *Third National Bank of Chicago,* 64 Ill. 530.

It is true, the second section of the amendatory act provided: "The president, secretary or treasurer of said company shall, when required by any person making a deposit in the savings department of said company, issue certificates of deposit for the same." Yet it is also provided in said section: "All such sums of money as shall be deposited in the savings department of said company, shall be held in trust for said

depositors, and shall not be mingled with the general funds of said company." And section ten of said amendatory act read as follows: "The stockholders in this corporation shall, as to all funds deposited as savings and in trust with said corporation while they are stockholders, be individually liable to the extent of their stock, and shall so continue for six months after transfer of the same, notwithstanding such transfer."

It was the undoubted duty of the president or other designated officer to issue a certificate of deposit, if required or called upon so to do, to the person making a deposit in the savings department of the Marine company; yet, if money was, in fact, deposited in that department, and no certificate required or given, nevertheless, such money would be deposited in the savings department and in trust, and would be "funds deposited as savings and in trust with said corporation," and entitled to all the safeguards and protection furnished by the personal liability imposed by said section 10. The certificate would be an evidence of the amount and character of the deposit that the depositor might have required; but in the event he did not require it, the place, amount and character of the deposit would not be changed, and might be shown by other legal and competent testimony.

In this case, Mr. Long testified he had been connected with the Marine company from its first existence, and knew its course of business, and that a pass book was issued to depositors depositing money in the savings department, or else a certificate of deposit. He fully identified the pass book of appellee as one issued by the savings department of the Marine company, and the book itself stated, in its heading, that the funds therein entered were "deposited in the savings department of the Marine company of Chicago." The company furnished appellee with this pass book as evidence of the amount and character of his deposit, and we are unable to perceive upon what principle it can be claimed it is not evidence of such amount and character of deposit. The ledger of the corporation was, at most, but cumulative evidence of

that which was already sufficiently proven by the entries in the pass book. Although not a book of original entries, it showed an admission by the company, on its own books, of the amount due appellee, and it was competent testimony against the stockholder.

We find no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*