FIRST NATIONAL BANK OF BARRE & others *vs.* HINGHAM
MANUFACTURING COMPANY & others.
SAME *vs.* SAME.

Suffolk.    March 20. — Oct. 27, 1879.    AMES & LORD, JJ., absent.

Under the St. of 1870, c. 224, § 42, providing that a "judgment creditor, or any other creditor, may file a bill in equity in behalf of himself and all other creditors" of a corporation, to enforce the personal liability of the stockholders or directors of the corporation, the bill may be brought by two or more creditors in behalf of themselves and all other creditors; and a prayer that the defendants be ordered "to pay to the plaintiffs and to such other creditors as may become parties to the bill" the amounts due them, is not repugnant to a bill so framed.

It is no ground of objection to a bill in equity, under the St. of 1870, c. 224, § 42, against a corporation and its directors, to enforce the personal liability of the latter on the ground that the debts exceeded the capital stock at a particular time, that the directors are also defendants to a bill in equity, brought by the same plaintiffs against them as stockholders to enforce their personal liability, on the ground that the capital stock of the corporation was never paid in. And the same principle applies to the bill against the stockholders.

It is no defence to a bill in equity, under the St. of 1870, c. 224, § 42, to enforce the personal liability of directors or stockholders, that at the time of the demand made on the execution issuing on the judgment recovered in the original action, and at the time of filing the bill, the corporation was in bankruptcy, and its property in the hands of an assignee.

If a corporation has its manufactory in one county, and a usual place of business in another, a demand, made in the latter county, on an execution issuing on a judgment recovered against the corporation, is a sufficient demand within the St. of 1870, c. 224, § 40; and evidence that the meetings of the stockholders and directors are held, and the official records, cash book, stock ledger, and certificate book kept, in the latter county, and that the blanks used by the corporation have a printed heading giving the name of the corporation and the number of the street of the city where the treasurer transacted his private business in that county, is sufficient to warrant a finding that the corporation has a usual place of business there.

It is no bar to a bill in equity under the St. of 1870, c. 224, § 42, against a corporation and its directors or stockholders, to enforce the personal liability of the latter, that the plaintiffs have proved their demands in bankruptcy against the corporation, and received dividends thereon.

The discharge in bankruptcy of a director or stockholder of a corporation, under proceedings begun before an action is brought against the corporation, in which judgment is afterwards obtained against it, is no defence to a bill in equity brought by such judgment creditor to enforce the personal liability of the bankrupt, under the St. of 1870, c. 224, § 42.

If a director or stockholder of a corporation indorses a note of the corporation, becomes a bankrupt, and, on proceedings for a composition, receives a release from all liability as indorser, this is no defence to a bill in equity, under the St. of 1870, c. 224, § 42, against him and the other directors or stockholders to enforce their personal liability, as such, on the note and other debts of the corporation.

The personal liability of the directors of a corporation, imposed by the St. of 1870, c. 224, § 38, is not affected by the St. of 1877, c. 230, § 1.

Stockholders in a corporation organized under the St. of 1870, c. 224, are not wholly discharged from personal liability by reason of the amendment of § 39, cl. 1, of that act, by the St. of 1875, c. 177, § 1.

Under the St. of 1870, c. 224, § 1, and the St. of 1875, c. 177, § 1, stockholders of a corporation who have not paid in full the par value of their shares are personally liable for the debts of the corporation, although the certificate required by law that the capital stock has been paid in has been filed.

A person who takes a certificate of stock in a corporation organized under the St. of 1870, c. 224, as collateral security for a debt, is subject to the liability for the debts of the corporation imposed by § 39, as amended by the St. of 1875, c. 177, § 1, unless his certificate shows that the shares of stock are so holden; and the burden is on him to show the form of the certificate.

THE FIRST CASE was a bill in equity filed March 8, 1877, brought by twenty judgment creditors, under the St. of 1870, c. 224, § 42, "in behalf of themselves and all other creditors of the Hingham Manufacturing Company," a corporation established under the laws of the Commonwealth, against said corporation, and David Whiton, Andrew C. Cushing, Eleazer P. Dunbar, Richard Harrison and Charles M. Strauss, its directors, to enforce the personal liability of the latter, on the ground that on December 17, 1875, the time of the commencement of the action of the Broadway National Bank (one of the plaintiffs), the debts of the corporation exceeded its capital to the amount of $72,110.60.

THE SECOND CASE was a bill in equity brought by the same plaintiffs, under the same statute, against the same defendants, with the exception of Strauss, and against Lewis Hecht and others, to enforce the personal liability of the persons named, as stockholders, on the ground that the capital stock of the corporation had never been paid in.

The cases were heard together, by Ames, J., on the bills, answers and the report of a master, and were reserved for the determination of the full court. The principal facts appear in the opinion.

R. M. Morse, Jr., for the plaintiffs.

A. Hemenway, for Whiton, Cushing and Dunbar.

H. C. Hutchins, for Harrison.

G. O. Shattuck & G. Morse, for Hecht.

SOULE, J. The answers of the defendants contain demurrers to each bill, and assign two causes of demurrer; first, that it is

not brought by one creditor, but by several creditors; second, that it is not brought in behalf of the plaintiffs and all other creditors of the corporation.

The first cause of demurrer is based on a literal construction of the St. of 1870, c. 224, § 42, which provides that "the judgment creditor, or any other creditor, may file a bill in behalf of himself and all other creditors of the corporation," &c. It is provided by the Gen. Sts. c. 3, § 7, that in the construction of statutes words importing the singular number may extend and be applied to several persons or things, unless such construction would be inconsistent with the manifest intent of the Legislature, or repugnant to the context of the same statute. The proceeding authorized by § 42 of the St. of 1870 is intended for the benefit and relief of all the creditors, and must appear by the statement of the bill to be brought in their behalf. Those only, however, who become parties to the proceeding at the outset, or by means of subsequent petition, can derive the benefit which is contemplated by the statute. There is nothing inconsistent with the intent of the Legislature, or repugnant to the context of the statute, therefore, in construing the singular as including the plural, so that two or more creditors may join in the bill.

The second cause of demurrer has no foundation in fact. Each bill purports to be brought in behalf of all the creditors. It says in terms that the plaintiffs "bring this bill of complaint in behalf of themselves and all other creditors of the Hingham Manufacturing Company." It is true that the prayer is that the persons named as defendants "be ordered and decreed to pay to the plaintiffs and to such other creditors as may become parties to this bill" the amounts due them. But this prayer does not do away with the declaration that the bill is brought in behalf of all. The prayer is properly framed, because no person can share in the benefits of a bill brought in behalf of a class, except those who become parties to the proceedings. Still, as the bill is stated to be in behalf of all, it complies with the requirements of the statute, though none but the plaintiffs become parties, and the plaintiffs therefore reap all the benefit from the proceedings.

It is further contended by the persons who are defendants in both bills, that neither bill can be maintained against them be-

cause of the pendency of the other bill against them. Their position is that the same bill should have proceeded against them in both capacities, as directors and as stockholders; or that there is a remedy against them in one capacity only, and that the plaintiffs by proceeding against them as stockholders have elected that remedy, and therefore have waived or lost their remedy against them as directors. This objection cannot be sustained in either part. Their liability as stockholders is not the same with their liability as directors. It is not for the same amount, and does not grow out of the same facts. The liability as stockholders alleged in the second case grows out of the fact that the capital stock was never paid in. St. 1870, c. 224, § 39, cl. 1, as amended by St. 1875, c. 177, § 1. The liability as directors alleged in the first case grows out of the fact that the debts of the corporation exceed the amount of the capital stock by the sum of more than seventy thousand dollars. St. 1870, c. 224, § 38, cl. 3. The liability, if it exists at all, exists to the full amount of such excess, without reference to the amount of stock held by the several directors. The liability as stockholders is for all the debts of the corporation, but no stockholder is to be liable beyond the par value of his stock. In case the corporation has no property whatever, the creditors need the aid of both remedies in order to obtain full payment of their debts. From the stockholders, if all respond to the full limit of the statute liability, they obtain an amount equal to the capital. From the directors they obtain an amount equal to the sum in which the debts of the corporation exceed the capital. If the claim against the directors, as such, were included in the same bill with the claim against them and others as stockholders, the bill would be multifarious. *Pope* v. *Leonard*, 115 Mass. 286.

The bankruptcy of the corporation when the demand was made on the execution, and the pendency of bankruptcy proceedings against it when the plaintiffs filed their bills, constitute no defence so far as the directors are concerned. The statute requires the bill to be brought against the corporation and the directors, although the main purpose of the proceeding is to hold the directors liable. The statute authorizes the filing of the bill when the corporation shall have neglected for thirty days, after demand made on execution, to pay the amount

due, with the officer's fees, or to exhibit to him real or personal estate of the corporation, subject to be taken on execution, sufficient to satisfy the same, and the execution has been returned unsatisfied. § 40. It is immaterial whether the neglect proceeds from lack of property, or from fraudulent concealment of property. The fact that the corporation was in bankruptcy and its property assigned did not affect the right of the plaintiffs to proceed by bill, after demand made on the execution, a failure by the corporation to pay or exhibit property, and a return of the execution unsatisfied. The right to proceed against the directors did not pass to the assignees of the corporation. The remedy against them never belonged to the corporation, and was no part of its assets. *Chamberlin* v. *Huguenot Manuf. Co.* 118 Mass. 532. *New Lamp Chimney Co.* v. *Ansonia Brass & Copper Co.* 91 U. S. 656. The same principles apply to the case against the stockholders.

The demand of the officer under the execution was made under an execution properly issued, upon the proper officers of the corporation in the city of Boston, where, as the master found on competent and sufficient evidence, the corporation had a place of business. It was, therefore, a sufficient demand under the statute.*

The fact that the plaintiffs have proved their demands in bankruptcy against the corporation, and have received dividends thereon, is no bar to these bills. It would not bar an action at law to recover against the corporation. *Athol National Bank* v. *Hingham Manuf. Co.* 121 Mass. 399. And no good reason can be assigned why it should bar a bill in equity prosecuted to enforce the liability of directors or stockholders, in

---

* The demands in these cases were made by a deputy sheriff of Suffolk upon the president and treasurer of the defendant corporation in Boston. The master found that the factory of the corporation was in Hingham, and that it had a usual place of business in Boston. The evidence on this point was, that, although the corporation did not hire an office in Boston, all the meetings of the stockholders and directors were held there, and its official records, cash book, stock ledger and certificate book were kept there; and that the treasurer was a member of a firm doing business in Boston, and the blanks used by the corporation had a printed heading giving the name of the corporation, and the number of the street in Boston where the firm of which the treasurer was a member did business.

which the corporation is a party only because the statute re-
quires it to be a party.

The fact that Cushing and Dunbar received certificates of dis-
charge in bankruptcy, under proceedings begun before the bills
were filed, and before the suit of the Broadway Bank against
the corporation was begun, is no defence.   Those defendants
were discharged from all debts proved or provable against their
respective estates.   They were not under any such contingent
liability to the plaintiffs and other creditors of the corporation,
when the bankruptcy proceedings began, as is contemplated by
the bankrupt law.   The phrase "contingent liabilities" in the
U. S. Rev. Sts. § 5068, cannot be construed to include the possi-
bility that, by means of proceedings not yet instituted, the bank-
rupt may have enforced against him a liability created by statute,
which can be enforced only by methods provided for by the stat-
ute, and which does not grow out of any contract on the part of
the bankrupt with the person or persons for whose benefit the
statute may be invoked.

The release to the defendant Whiton does not affect the
rights of the plaintiffs in their proceedings under the statute.
Those who released him had appeared as creditors in the bank-
ruptcy proceedings against him, by reason of his indorsement
of the notes of the corporation held by them respectively, and
had agreed to a composition proposed by him.   The release was
given in consideration of the composition and of the payment in
accordance with it, and released Whiton on the note.   These
bills do not proceed on Whiton's liability on the note, as such;
do not seek to hold him as a party to the note.   They pro-
ceed on the liability of the corporation on all its debts, the note
included, and on the statutory liability of Whiton and the other
defendants for the debts of the corporation.   The release was
manifestly not given under circumstances which indicate that
the parties had in mind any statute liability of the directors or
stockholders of the corporation, and is not so phrased as to cover
and discharge Whiton from his liability under the statute.   As
it does not relieve him, it is unnecessary to consider what effect
a release of him would have had upon the other defendants.

The St. of 1877, c. 230, § 1, did not repeal the provisions of
the St. of 1870, c. 224, § 38, so far as regards the liability of

directors of corporations.   It merely relieves officers other than
the president and directors from any liability which attached to
them under said § 38.   The liability of the directors, as officers,
was joint and several, under that section; but the language of
the section was broad enough to include other officers, in no wise
responsible for the management of the affairs of the corporation,
and whom it would be unjust to make liable for its debts; the
statute which relieves such officers from responsibility was not a
repeal of § 38, but operates as an amendment merely, repealing
only such parts of that section as are inconsistent with the pro-
visions of the new statute.

It is contended in the second case that the St. of 1875, *c.* 177,
§ 1, repealed the St. of 1870, *c.* 224, § 39, or so amended it as to
change and enlarge the liability of stockholders, and so to release
the defendants from all liability for the debts of the corporation.
The corporation was established under the provisions of the St.
of 1870, and the defendants, by becoming stockholders, assumed
all the liabilities created by the statute.   And, as it is provided
by § 68 of the statute that the provisions of the chapter may
be amended or repealed at the pleasure of the Legislature, so as
to affect existing corporations, it follows that stockholders in
corporations established under it are subject to any and all lia-
bilities imposed by subsequent legislation.   The St. of 1875,
therefore, so far as it changed the existing liabilities of stock-
holders, is operative on those who were stockholders in the Hing-
ham Manufacturing Company when it was enacted, and does not
discharge them from liability.   The par value of none of the
shares has been paid in.   All the stockholders are liable for the
debts of the corporation, unless they purchased their shares with-
out knowledge that the par value had not been paid in.   It
appears from the master's report, that none of those against
whom the plaintiffs now ask for judgment purchased without
that knowledge.

The defendant Hecht contends that he is not liable for the
debts of the corporation, because the certificate, required by law,
that the capital stock of the corporation had been paid in, was
duly filed.

It was held in *Stedman* v. *Eveleth,* 6 Met. 114, that under the
Rev. Sts. *c.* 38, the filing of such certificate was conclusive evi-

dence, in favor of the stockholders, that the capital had been fully paid in. The provisions of that chapter, however, were materially different from those of the statutes now in force. By § 16 of that chapter it was provided that all members of every manufacturing company should be jointly and severally liable for all debts and contracts made by such company, until the whole capital stock had been paid in, and a certificate thereof made and recorded in the registry of deeds. The liability of the stockholder was not limited to the amount of the par value of his stock. In giving the opinion of the court, Shaw, C. J., rested the construction of the statute largely on the idea that the law looked to the relief of the stockholder, as well as to the security of those who dealt with the company, and argued that the conclusiveness of the certificate was the only thing which could certainly protect innocent stockholders from a risk ruinous to almost any private fortune; and the court reached the conclusion . that the statute did not make two conditions to the exemption of the stockholder, to wit, the payment in of the capital, and the recording of the certificate, but one only, to wit, the fact of the payment in of the capital to be verified by the recording of the certificate.

By the St. of 1870, c. 224, § 39, it is provided that stockholders shall be jointly and severally liable for the debts of the corporation contracted before the original capital is fully paid in; but that stockholders who have paid in full the par value of their shares shall not be liable for such debts. Section 43 provides that no stockholder shall be liable to pay a larger sum than the amount of stock held by him, at its par value. This provision for the liability of stockholders is simple and direct, and not coupled with any provision as to the certificate, such as was contained in the Rev. Sts. c. 38; and the reasoning which led the court to its decision in *Stedman* v. *Eveleth* does not apply here.

The intention of the Legislature as to the liability of stockholders is further made apparent, by the provisions of the St. of 1875, c. 177, § 1, that those stockholders only who have not paid in, in full, the par value of their shares, and those who have purchased such shares with knowledge of the fact, shall be liable for such debts.

The defendant Hecht also contends, that the bill cannot be maintained against him, because he took his shares of stock as collateral security, and the master refused to find that the trans fers to him were absolute in form. The master thus refused because there was no special evidence as to the form of the transfers. The position of the matter is this: The shares were transferred to Hecht, and it does not appear that they were transferred in the form which, by the provisions of the Gen. Sts. *c.* 6?, § 13, is necessary in order to exempt the holder from the responsibility of a stockholder. It appearing that he was a stockholder by transfer, it was incumbent on him to show the facts which entitled him to exemption from the liability attaching to him as such. He could not do this by showing the fact that he held the shares as collateral security, without also showing that the transfer by which he held them showed the fact to be so, and substantially described the debt or duty which the transfer was intended to secure.

The plaintiffs are entitled to decrees against all the defendants as to whom they have not discontinued. *Decrees accordingly.*